UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Blattner Energy, Inc., | Case No. 19-cv-2681 (WMW/LIB) |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO REMAND** |
| Stephen P. Jones[1] and Anthony Vorderbruggen, | |
| Defendants. | |

---

Before the Court is Plaintiff Blattner Energy, Inc.'s motion to remand this case to Minnesota District Court, Seventh Judicial District (Stearns County), for lack of subject-matter jurisdiction.  (Dkt. 3.)  Defendants Stephen D. Jones and Anthony Vorderbruggen oppose Blattner Energy's motion to remand and move to dismiss Blattner Energy's claims.  (Dkt. 10.)  For the reasons addressed below, the Court grants Blattner Energy's motion to remand for lack of subject-matter jurisdiction and, therefore, does not address the merits of Defendants' motion to dismiss.

## BACKGROUND

Blattner Energy is a Minnesota corporation operating in the renewable-energy industry.  Blattner Energy employed Jones from May 2000 until June 10, 2019.  Jones, a native of Montana, moved to Minnesota in 2007 to advance his career with Blattner

---

[1]  Although the complaint and case caption incorrectly denote the middle initial of Jones as "P," there is no dispute that Stephen D. Jones is the proper defendant and he has been properly served.

Energy. He served as Vice President of Blattner Energy's Solar Group during his last two years of employment with Blattner Energy. After he accepted a position with Primoris Renewable Energy (Primoris) based in Denver, Colorado, Jones's employment with Blattner Energy ended.[2] Blattner Energy also employed Vorderbruggen from September 2015 until August 1, 2019, when he resigned to work for Primoris. Vorderbruggen was Senior Project Manager for Blattner Energy's Solar Group when he resigned.

Blattner Energy filed this action against Jones and Vorderbruggen in Minnesota District Court, Seventh Judicial District (Stearns County), on September 20, 2019, alleging misappropriation of trade secrets and confidential information, breach of fiduciary duty of loyalty, tortious interference with prospective economic advantage, and civil conspiracy.[3] Blattner Energy alleges that Jones and Vorderbruggen had access to Blattner Energy's trade secrets and confidential information, as well as information pertaining to many aspects of Blattner Energy's business. For example, while still employed there, Blattner Energy alleges, Jones uploaded a large quantity of Blattner Energy's confidential files to an internet cloud-based sharing and storage account and to his personal email account. In doing so, Jones misappropriated this information for the benefit of Primoris, Blattner Energy alleges. Blattner Energy alleges that Vorderbruggen similarly misappropriated trade secrets and confidential information. Both Jones and Vorderbruggen were personally served the summons and complaint at their homes in Minnesota.

---

[2]    Primoris Renewable Energy is based in Colorado, but Primoris also has a "Primary Business Unit" in Minnesota.

[3]    Blattner Energy also seeks a declaratory judgment against Jones.

On October 8, 2019, Defendants removed the case to this Court based on diversity jurisdiction. Defendants maintain that they are citizens of Colorado. According to Jones, he moved to Colorado on June 26, 2019, and began working full time at the Primoris Denver office. He contacted a Colorado realtor on the day he arrived in Colorado, but he stayed at a hotel until he found a residence to rent. On July 19, 2019, Jones and his wife signed a 12-month lease to rent a residential property in Colorado and paid a pet deposit for their dog to also live there after their Minnesota home sold. Their Minnesota realtor confirmed that when Jones and his wife first contacted her in June 2019 about selling the Minnesota home, they informed her they would be moving out of Minnesota permanently. Jones and his wife also told their Minnesota realtor that Jones would be moving immediately to start his new job and his wife would remain in Minnesota to assist with selling the home. A market analysis prepared by the Minnesota realtor in June 2019 concluded that at least nine homes in the area had recently sold for more than $1,000,000, and seven homes in the area were listed for more than $1,000,000. Jones's Minnesota realtor determined that the Minnesota home could be listed in the range of $1,200,000 to $1,300,000 based on market data. On August 5, 2019, Jones and his wife listed their Minnesota home for $1,099,999.

Blattner Energy engaged Heartland Investigative Group (Heartland) on October 14, 2019, to investigate Jones's alleged relocation. Heartland determined that Jones registered a vehicle to his Minnesota address in May 2019. But, as of October 2019, Heartland could not locate any vehicle registration affiliated with Jones in Colorado. Heartland also

3

determined that there were no voter registration records for Jones in Colorado as of September 2019, when the complaint was filed.

Blattner Energy moves to remand this case to Minnesota District Court, Seventh Judicial District (Stearns County), for lack of subject-matter jurisdiction, arguing that Jones and Vorderbruggen were domiciled in Minnesota when Blattner Energy filed the complaint.[4]

## ANALYSIS

When a case has been removed from state court, a federal court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *accord In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1066 (8th Cir. 2000). Diversity jurisdiction exists when the matter in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a). Removal of a case to federal district court on the basis of diversity jurisdiction is prohibited "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "Complete diversity of

---

[4] At the hearing on this matter, defense counsel sought to provide the Court an additional declaration in support of Jones's argument that he was domiciled in Colorado when the complaint was filed. Blattner's counsel opposed submission of the untimely declaration. The Court ordered the parties to file a two-page letter brief addressing whether the Court should permit Jones to submit the untimely declaration. Rather than comply with the Court's order, counsel for Defendants filed the untimely declaration, along with 33 additional pages of documentation and two pages of argument addressing the merits of Jones's legal argument as to jurisdiction as opposed to the admissibility of the late-filed declaration. Because defense counsel filed a brief on the merits of the jurisdictional question without permission to do so, *see* LR 7.1(i), the Court declines to consider the letter briefing and appended material.

citizenship exists [when] no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). For purposes of federal jurisdiction, "domicile" is synonymous with "citizenship," not "residence." *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1084 (8th Cir. 2017) (recognizing that a person can reside in one place but be domiciled in another place).

The parties agree that Blattner Energy is a Minnesota citizen for diversity purposes. The crux of the dispute is whether Jones and Vorderbruggen are Minnesota citizens, as Blattner Energy argues, or Colorado citizens, as Defendants contend. Because the amount in controversy undisputedly exceeds $75,000, this Court's diversity jurisdiction—and therefore subject-matter jurisdiction[5]—depends on whether either Jones or Vorderbruggen is a citizen of, or domiciled in, Minnesota. Complete diversity between the Defendants and Blattner Energy is required.

"Subject-matter jurisdiction based on diversity of citizenship [is] measured by the 'facts that existed at the time of filing.' " *Eckerberg*, 860 F.3d at 1084 (quoting *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004)). When an action has been removed from state to federal court, diversity of citizenship must exist both when the state action is filed and when the petition for removal is filed. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011). This time-of-filing rule prevents a defendant from manipulating jurisdiction by changing the relevant citizenship determination after the

---

[5] The parties do not dispute that this case does not present a federal question.

plaintiff has filed suit in state court. *Id.* The burden rests with the removing party to establish by a preponderance of the evidence that federal jurisdiction exists. *Pub. Sch. Ret. Sys. of Mo. v. State Street Bank & Tr. Co.*, 640 F.3d 821, 825–26 (8th Cir. 2011); *see also Great Rivers Habitat All. v. Fed. Emergency Mgmt. Agency*, 615 F.3d 985, 988 (8th. Cir. 2010) (burden of proving federal jurisdiction always remains on the party seeking to establish it). All doubts about federal jurisdiction are resolved in favor of remanding to state court. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010).

"To establish domicile, an individual must both be physically present in the state and have the intent to make [the individual's] home there indefinitely." *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). To determine intent, a district court relies on objective factors, including declarations, exercise of civil and political rights, payment of taxes, obtaining of licenses, location of business or occupation, and ownership of property. *Eckerberg*, 830 F.3d at 1085. "A litigant's self-serving statements of intention are entitled to little weight when in conflict with facts." *Id.* (internal quotation marks omitted). The determination of a party's citizenship presents "a mixed question of law and fact, but mainly fact." *Blakemore v. Mo. Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

Blattner Energy argues that Jones was domiciled in Minnesota on September 20, 2019, because Jones was personally served with a summons and complaint at his residence in Cold Spring, Minnesota, that day. Jones counters that he traveled back to Minnesota on September 18, 2019 for two reasons—to attend a previously scheduled, but final, ophthalmology appointment and to see his wife because their home had not yet sold. But the flight receipt that Jones provides as an exhibit is for a flight from Denver to Salt Lake

City, Utah, on September 23, 2019.  And the eye appointment receipt shows that Jones's next appointment has been scheduled for September 24, *2020*.  Jones makes no effort to resolve these discrepancies between his declaration and his exhibits.

Blattner Energy also argues that Jones's domicile remained Minnesota because there is no evidence that Jones obtained a Colorado driver's license, registered any vehicles in that state, registered to vote in Colorado, or owns property there.  Jones responds that Blattner Energy's argument ignores the fact that an interstate relocation typically takes several months to complete and that Jones's domicile did not remain in Minnesota merely because Jones still had some unfinished administrative tasks associated with his relocation to Colorado.  But although Jones maintains that he had been living in Colorado for several months by the time the complaint was filed, his failure to undertake *any* "administrative task" that would bolster his contention that he intended to remain in Colorado indefinitely is probative of the opposite conclusion.[6]

The objective facts that courts consider when determining a party's domicile for jurisdictional purposes support the conclusion that, when Blattner Energy filed the complaint, Jones was domiciled in Minnesota.  Jones had a physical presence in both Minnesota and Colorado, he was employed at a Colorado-based company that also has an

---

[6] Jones provides documentation of his Colorado driver's license and Colorado voter registration.  But because Jones neither obtained the Colorado driver's license nor registered to vote in Colorado until *after* both the complaint was filed *and* the case was removed to this Court, these facts are not germane to the Court's analysis.  *See Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016) ("[F]acts arising subsequent to removal have no bearing on a court's jurisdictional determination.").  The same is true as to Jones's documents reflecting an updated Colorado address on his Minnesota tax records and Montana property records.

office in Minnesota, he sought medical treatment in Minnesota, he paid taxes in Minnesota, he had a Minnesota driver's license, and he had vehicles registered to him in Minnesota. *Cf. Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005) (considering domicile factors of residence, employment, voting, medical treatment, paying taxes, and driver's license); *see* 13E Charles Alan Wright et al., Federal Practice and Procedure § 3612 (3d ed. April 2020 Update) (explaining that the following factors should be taken into account when determining domicile: "current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; memberships in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity").

As the party alleging an acquired or subsequent change of domicile, Jones has the burden of proof to rebut the presumption in favor of Minnesota as his domicile against Colorado. *See Eckerberg*, 860 F.3d at 1086 (explaining that there is a presumption in favor of an original or former domicile as against an acquired one, and the party alleging a subsequent change in domicile bears the burden of proof). The only facts that support a Colorado domicile are Jones's apartment lease and his employment at Primoris. But the fact that one has a residence in a state does not make that person a domiciliary of that state. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (explaining that for purposes of jurisdiction, "domicile" is not necessarily synonymous with "residence," and one can reside in one place but be domiciled in another place); *see also Sheehan v. Gustafson*, 967 F.2d 1214, 1215–16 (8th Cir. 1992). And the fact that Jones accepted

employment with a Colorado-based company does not rebut the presumption that his domicile continued to be Minnesota.[7]  At the very least, there are doubts as to Jones's domicile at the time the complaint was filed.  This Court must "resolve all doubts about federal jurisdiction in favor of remand."  *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007) (internal quotation marks omitted).  In doing so, the Court concludes that Jones was domiciled in Minnesota when the complaint was filed.  Accordingly, the Court must remand this matter to Minnesota District Court for lack of subject-matter jurisdiction.  Because the Court lacks subject-matter jurisdiction over this matter, the Court does not address the merits of Defendants' motion to dismiss.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Blattner Energy, Inc.'s motion to remand, (Dkt. 3), is **GRANTED** and this matter is **REMANDED** to Minnesota District Court, Seventh Judicial District (Stearns County).

Dated:  June 2, 2020                             s/Wilhelmina M. Wright
                                                 Wilhelmina M. Wright
                                                 United States District Judge

---

[7]     Jones's employment with Blattner Energy is illustrative.  Jones began working for Blattner Energy, a Minnesota company, in 2000 while living in Montana.  Jones did not move to Minnesota until 2007, and Jones acknowledges that he was "not a MN resident anytime [sic] before this year."  It is not uncommon for a person to work for an employer located in one state and be domiciled in another.